Taylor,
 
 Chief-Justice,
 

 delivered
 
 the
 
 opinion of the Court:
 

 The question in this case depends upon the true construction of the act of 1792, ch. 6, to ascertain which, it is necessary to consider the act in connexion with that of 1784, ch. 10, the seventh section of which it is its professed object to amend and explain. The preamble to that section declares, that many persons have been
 
 injured
 
 by secret deeds of gift to children and others, and for want of formal bills of sale. The enacting clause provides, that all sales of slaves shall be in Writing, and that they, as well as deeds of gift, shall be recorded. The exposition of this law, made soon after its passage, and generally acquiesced in since that period, was, that the design of the Legislature being to protect the rights of creditors and purchasers, the want of a written transfer could be set up against the validity of a sale, only in cases where the rights of those persons were to be affect
 
 *99
 
 ed j that as between the parties to the transaction? it was valid and effectual, although made by parol. The. act of 1792, having the same object in .view, dispenses with the necessity of a bill of sale in every case, manifestly under the impression, in the framers of the law, that the rights of creditors and purchasers might be as effectually guarded, by superadding delivery to the Common Law mode of selling a chattel, as by a written evidence of the sale. The expressions of the act are, <e that
 
 lona Jide
 
 sales of slaves, accompanied with delivery,” and which would have been good before the passing of the act of 1784, shall bo held valid. But a
 
 bona fide
 
 sale without delivery, would have been held good at Common. Law ; and if the Legislature designed to alter the Common Law mode of transfer, they might have effected that object by a simple repeal of the clause in question. It was believed either that a delivery was necessary to the ■validity of a Common Law sale, or the delivery was substituted in lieu of Ihe bill of sale, for the sake of creditors and others. The first supposition is inadmissible; and in adopting the latter, we must apply to the act the same principles of construction which have governed the decisions of cases arising"under the act of 1784. Hence it follows, that a delivery is necessary in all cases where the rights of creditors or third persons are affected; but between the parties themselves, a
 
 bona fide
 
 sale according to the rule of the Common Law, effectually transfers the property ; and the sale in this case being of the latter description, the rule for a new trial must be made absolute.
 

 The General Assembly, at their last Session, having directed the Judges to appoiilt one of their body to preside in the Supreme Court, who should be styled “ Chief-Justice of the Supreme Court,” the fudges at this Term proceeded to make such appointment, when the Honourable John Louis Taxioh, Esquire, was unanimously appointed.